IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| **IRON BRIDGE TOOLS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MERIDIAN INTERNATIONAL CO., LTD., USA,** a Colorado limited liability company, and<br>**MERIDIAN INTERNATIONAL CO., LTD.,** a foreign (China) entity,<br><br>**Defendants.** | CASE No. 0:13-cv-61289-RSR |

### MERIDIAN DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants Meridian International Co., Ltd., USA ("Meridian USA") and Meridian International Co., Ltd. ("Meridian China"), (collectively, "Defendants"), through counsel, file their answer and affirmative defenses in response to Plaintiffs' Complaint, and assert a counterclaim as set forth herein.

### NATURE OF THE ACTION

1. Defendants admit that the action is for the causes of action set out, but denies that there is any basis for the claims described, or that Plaintiff is entitled to any relief. Further answering, it appears that the real nature of this action is for Plaintiff to delay the prompt payment of its bills as due.

### PARTIES AND JURISDICTION

2. Defendants admit the allegations set out in ¶ 2 of the Complaint.

3. Defendants admit the allegations set out in ¶ 3 of the Complaint.

4. Defendants deny the allegations set out in ¶ 4 of the Complaint. Further answering, Meridian China's principal place of business is Shanghai, China.

5. Defendants deny the allegations set out in ¶ 5 of the Complaint. Further answering, it is improper and wrong for Plaintiff to purposely attempt to confuse Meridian USA and Meridian China. Accordingly, all of Plaintiffs references to "Meridian" are incorrect and are denied as such. All of Plaintiff's purchases of product were from Meridian China, and only Meridian China. Meridian USA sells separate product, purchased for its own account, to Meridian USA's own customers.

6. Defendants deny the allegations set out in ¶ 6 of the Complaint.

7. Defendants deny the allegations set out in ¶ 7 of the Complaint.

8. Defendants deny the allegations set out in ¶ 8 of the Complaint.

9. Defendants admit the allegations set out in ¶ 9 of the Complaint.

10. Defendants admit the allegations set out in ¶ 10 of the Complaint.

11. Defendants admit the allegations set out in ¶ 11 of the Complaint.

12. Defendants deny the allegations set out in ¶ 12 of the Complaint.

## GENERAL ALLEGATIONS

13. Defendants deny the allegations set out in ¶ 13 of the Complaint.

14. Defendants deny the allegations set out in ¶ 14 of the Complaint. Further answering, Defendants deny the purported "common knowledge" referenced. Meridian China regularly contracted with Plaintiff and Meridian USA regularly competed with Plaintiff. Defendants deny the referenced personal friendship. The relationships between the Plaintiff and Defendants were only a business relationship. There was not any sort of agreement, formal or informal, for Meridian USA to not compete with Plaintiff.

15. Defendants deny the allegations set out in ¶ 15 of the Complaint.

16. Defendants deny the allegations set out in ¶ 16 of the Complaint. Further answering, it was Plaintiff that asked Meridian China to manufacture the referenced tape measures. It was Plaintiff that provided the specifications and the tape measurers were manufactured to those specifications.

17. Defendants deny the allegations set out in ¶ 17 of the Complaint.

18. Defendants deny the allegations set out in ¶ 18 of the Complaint. Further answering, there was no verbal or written agreement regarding Plaintiffs so-called "exclusivity."

19. Defendants deny the allegations set out in ¶ 19 of the Complaint.

20. Defendants deny the allegations set out in ¶ 20 of the Complaint. Further answering, no representation of invention or intellectual property rights was made by Defendants regarding the referenced product.

21. Defendants deny the allegations set out in ¶ 21 of the Complaint.

22. Defendants deny the allegations set out in ¶ 22 of the Complaint.

23. Defendants deny the allegations set out in ¶ 23 of the Complaint. Further answering, Meridian USA holds multiple patents which precede the patents of Stanley Black and Decker ("SBD"). Plaintiff actually initiated litigation against SBD against the advice of Meridian USA.

24. Defendants deny the allegations set out in ¶ 24 of the Complaint.

25. Defendants deny the allegations set out in ¶ 25 of the Complaint. Further answering, Meridian China was not "behind" in production, nor did Plaintiff send notification to Meridian China concerning the alleged defects.

26. Defendants deny the allegations set out in ¶ 26 of the Complaint. Further answering, the referenced employees contacted Meridian USA concerning potential employment as they expressed dissatisfaction with their employment at Iron Bridge.

27. Defendants deny the allegations set out in ¶ 27 of the Complaint.

28. Defendants deny the allegations set out in ¶ 28 of the Complaint. Further answering, Plaintiff was well aware, and had been specifically told, that Meridian USA was making sales efforts directed to Home Depot. Plaintiffs sales had been declining for several years and it was, presumably, aware of its own sales.

29. Defendants deny the allegations set out in ¶ 29 of the Complaint. Further answering, it was Home Depot that approached Meridian China seeking a bid because Home Depot preferred to deal directly with the supplier.

## COUNT 1— BREACH OF CONTRACT

30. Defendants reallege their responses to paragraphs 1-29 of the Complaint as though fully set forth herein.

31. Defendants deny the allegations set out in ¶ 31 of the Complaint.

32. Defendants deny the allegations set out in ¶ 32 of the Complaint.

33. Defendants deny the allegations set out in ¶ 33 of the Complaint.

34. Defendants deny the allegations set out in ¶ 34 of the Complaint.

WHEREFORE, having fully answered, Defendants request judgment in their favor, for their costs incurred herein, including reasonable attorneys' fees, and for such further relief this Court deems just.

## COUNT II — FRAUDULENT MISREPRESENTATION

35. Defendants reallege their responses to paragraphs 1-34 of the Complaint as though fully set forth herein.

36. Defendants deny the allegations set out in ¶ 36 of the Complaint.

37. Defendants deny the allegations set out in ¶ 37 of the Complaint.

38. Defendants deny the allegations set out in ¶ 38 of the Complaint.

39. Defendants deny the allegations set out in ¶ 39 of the Complaint.

40. Defendants deny the allegations set out in ¶ 40 of the Complaint.

41. Defendants deny the allegations set out in **¶41** of the Complaint.

WHEREFORE, having fully answered, Defendants request judgment in their favor, for their costs incurred herein, including reasonable attorneys' fees, and for such further relief this Court deems just.

## COUNT III — NEGLIGENT MISREPRESENTATION

42. Defendants reallege their responses to paragraphs 1-41 of the Complaint as though fully set forth herein.

43. Defendants deny the allegations set out in ¶ 43 of the Complaint.

44. Defendants deny the allegations set out in ¶ 44 of the Complaint.

45. Defendants deny the allegations set out in ¶ 45 of the Complaint.

46. Defendants deny the allegations set out in ¶ 46 of the Complaint.

47. Defendants deny the allegations set out in ¶ 47 of the Complaint.

48. Defendants deny the allegations set out in **¶48** of the Complaint.


WHEREFORE, having fully answered, Defendants request judgment in their favor, for their costs incurred herein, including reasonable attorneys' fees, and for such further relief this Court deems just.

## COUNT IV — CONSTRUCTIVE FRAUD

49. Defendants reallege their responses to paragraphs 1-48 of the Complaint as though fully set forth herein.

50. Defendants deny the allegations set out in ¶ 50 of the Complaint.

51. Defendants deny the allegations set out in ¶ 51 of the Complaint.

52. Defendants deny the allegations set out in ¶ 52 of the Complaint.

WHEREFORE, having fully answered, Defendants request judgment in their favor, for their costs incurred herein, including reasonable attorneys' fees, and for such further relief this Court deems just.

## COUNT V — TORTIOUS INTERFERENCE

53. Defendants reallege their responses to paragraphs 1-52 of the Complaint as though fully set forth herein

54. Defendants deny the allegations set out in ¶ 54 of the Complaint.

55. Defendants deny the allegations set out in ¶ 55 of the Complaint.

56. Defendants deny the allegations set out in ¶ 56 of the Complaint.

57. Defendants deny the allegations set out in ¶ 57 of the Complaint.

WHEREFORE, having fully answered, Defendants request judgment in their favor, for their costs incurred herein, including reasonable attorneys' fees, and for such further relief this Court deems just.

## MERIDIAN DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiffs Complaint fails to state a claim for which relief can be granted.

2. Plaintiffs claims are barred by reason of Plaintiffs prior breach of contract.

3. Plaintiffs claims are barred by reason of a failure of consideration.

4. Plaintiffs claims are barred by the doctrine of unclean hands, waiver and estoppel.

Defendants reserve the right to assert additional affirmative defenses as may be shown by discovery and further investigation.

## COUNTERCLAIM

### (BREACH OF CONTRACT AS TO MERIDIAN INTERNATIONAL CO., LTD)

1. Plaintiff/Counter-Defendant, Iron Bridge Tools Inc. ("Iron Bridge"), contracted to purchase, through various invoices and/or purchase orders, from Defendant/Counterclaim Plaintiff, Meridian International Co., Ltd. ("Meridian China"), tools manufactured by Meridian China.[1]

2. Iron Bridge failed to pay for the product it ordered, despite the product having been delivered to and accepted by Iron Bridge.

3. The total account receivable owed by Iron Bridge to Meridian China is in excess of $1,000,000.00.

4. By failing to timely pay, Iron Bridge breached its contract with Meridian China and as a result Meridian China has been damaged.

---

[1] Meridian China's counterclaim is based on numerous invoices and purchase orders. Meridian China will file a copy of all relevant documents as an exhibit under separate cover.

WHEREFORE, Defendant/Counterclaim Plaintiff, Meridian International Co., Ltd. requests judgment in its favor, for its costs incurred herein, including reasonable attorneys' fees, and for such other relief as the Court deems just.

Dated: October 23, 2013.

**Respectfully submitted,**
Akerman Senterfitt

*Is/ Ashley A. Sawyer, Esq.*
Scott W. Rostock, Esq.
Florida Bar Number: 0497053
Email: scott.rostock@akerman.com
Ashley A. Sawyer, Esq.
Florida Bar Number: 0012131
Email: ashley.sawyer@akerman.com
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301-2999
Phone: (954) 463-2700
Fax: (954) 463-2224

*Attorneys for Defendants Meridian International Co., Ltd., USA and Meridian International Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013 I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send an electronic notice to the following:

**Frank Smith, Esq.**
FMS Lawyer PL
10000 Stirling Road, Suite 12
Cooper City, Florida 33024
Tel. 954-985-1400
Fax. 954-241-6947
E-Mail: frank.smith@fmslawyer.com
*Counsel for Plaintiff*

/s/ Ashley A. Sawyer, Esq.